### JOHN S. BEAN v. J. A. McQUIDDY.

(No. 102, Op. Book No. 1, p. 419.)

APPEAL from Erath County. Opinion by ECTOR, P. J.

§ 51. *Citation, sheriff's return of.* Where the sheriff's return on the citation was, "Came to hand this 2d day of Sept., 1875, and executed 6th day of Sept., 1875, by delivering to John S. Bean, the within named defendant, a true copy of this writ with the accompanying copy of plaintiff's petition,"— *held* sufficient.

§ 52. *Citation, when issued to another county than that of alleged residence of defendant.* The petition alleged that defendant resided in Erath county. Citation issued to that county, and was returned "not executed; John S. Bean not found in the county." There was no amendment of the petition as to residence of Bean. But the clerk issued *alias* citation to Shackleford county, which was served on defendant. *Held*, that the clerk had no authority to issue citation to Shackleford county, and that, it being without authority of law, and a nullity, de-

fendant Bean was not bound to pay any regard to it whatever.  [2 Tex. 245.]

§ **53.** *Proper practice.*  When it is discovered that the defendant has left the county of his alleged residence and gone to another, the proper practice is to file a supplemental petition setting out the facts and ask a citation for defendant to the latter county.  [Ward & Martin v. Lattimer, Bagby & Co. 2 Tex. 245.]

May 17, 1877.                Reversed and remanded.